NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

JAN 18 2022

FOR THE NINTH CIRCUIT

MARYBEL BARRERA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.    21-70100

Agency No. A201-147-167

MEMORANDUM*

On Petition for Review of an Order of an
Immigration Judge

Submitted January 13, 2022**
Pasadena, California

Before: RAWLINSON and WATFORD, Circuit Judges, and RAKOFF,*** District Judge.

Marybel Barrera, a native and citizen of El Salvador, petitions for review of

a decision of an immigration judge (IJ) upholding an asylum officer's negative

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

reasonable fear determination.  We deny the petition for review.

Substantial evidence supports the IJ's determination that Barrera did not demonstrate a reasonable fear of persecution in El Salvador because she failed to show a nexus between the harm she feared and a protected ground.  A petitioner in a reasonable fear proceeding must show a "reasonable possibility" that she will be persecuted on account of her race, religion, nationality, membership in a particular social group, or political opinion in the country of removal.  8 U.S.C. § 1231(b)(3); 8 C.F.R. § 208.31(c).

During her credible fear interview, Barrera expressed a fear of being targeted by gang members in El Salvador on two bases: (1) their desire to extort money from her; and (2) her having witnessed criminal activity.  Barrera cannot demonstrate the required nexus to a protected ground where her fear of harm is based exclusively on a "desire to be free from harassment by criminals motivated by theft." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010); *see also Bartolome v. Sessions*, 904 F.3d 803, 814 (9th Cir. 2018).  Barrera also cannot establish membership in a particular social group based on having witnessed criminal activity alone, without more.  *See Conde Quevedo v. Barr*, 947 F.3d 1238, 1243 (9th Cir. 2020).

Moreover, the two proposed particular social groups that Barrera asserted before the IJ, "Salvadoran business owners" and "Salvadoran business owners

targeted for extortion," do not constitute cognizable particular social groups because Barrera's status as a business owner is not an immutable characteristic. *See Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1084 (9th Cir. 2013) (en banc). While extortion on the basis of a protected characteristic can constitute persecution, *see Ayala v. Sessions*, 855 F.3d 1012, 1020–21 (9th Cir. 2017), Barrera has failed to establish such a characteristic, and her claim therefore fails.

**PETITION FOR REVIEW DENIED.**